COMMONWEALTH *vs.* SIMEON CANADA.

A complaint for keeping or owning an unlicensed dog may allege that the unlawful act
extended over many successive days, and be sustained by proof applying to any part of
the period.

The owner of a dog not licensed as required by the St. of 1867, *c.* 130, §§ 1, 2, is not liable
to a penalty under § 5, if he is not the keeper of the dog.

COMPLAINT on the St. of 1867, *c.* 130, § 5, to a trial justice,
with two counts, the first alleging that the defendant was the
keeper of an unlicensed dog on May 1, 1871, and from that day
till July 18, 1871, at Rowe, and the second making like alle-
gations against him as owner of the dog.

Trial and verdict of guilty in the superior court, on appeal,
before *Lord*, J., who allowed a bill of exceptions which referred
to the complaint and continued as follows : " Evidence was intro-
duced tending to show that the defendant was the owner and
keeper of an unlicensed dog from the 23d of April to the 18th of
July 1871. There was evidence for the defence controverting
this position, and no specific evidence of ownership and keeper-
ship on the 1st of May was given. The judge ruled that under
this complaint evidence that the defendant was owner and keeper
or owner or keeper of the dog at any time set forth in the com-
plaint would warrant a conviction, to which ruling the defend-
ant excepted." After verdict the defendant moved to arrest
judgment on the ground that no offence was sufficiently set
forth and charged against him in the complaint ; and the motion
was overruled.

*W. S. B. Hopkins*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. Upon the question of time, the defendant has no
ground of exception. As the act of keeping or owning an un-
licensed dog is one which may extend over many successive days,
it may be so alleged. And the proof was confined within the
time covered by the allegation.

But we are of opinion that the other point made in the argu-
ment for the defendant must be sustained, and that the ruling
excepted to, as reported in the bill of exceptions, was inaccurate

in stating that evidence that the defendant was the owner of the dog, though not the keeper, would warrant a conviction. The St. of 1867, *c.* 130, in §§ 1, 2, indeed provides that every "owner or keeper of a dog" shall cause it to be registered, numbered, described and licensed. But § 5, on which this complaint is founded, imposes the penalty sued for only on "any person keeping a dog contrary to the provisions of this act." The effect of the provisions of the statute, taken together, is that the duty of causing the dog to be registered or licensed may be performed by either the owner or the keeper; but if this is not done by either, the penalty falls upon the keeper only. The insertion of both words "owner" and "keeper" elsewhere throughout the statute adds significance to the omission of the one in the fifth section. *Jones* v. *Commonwealth*, 15 Gray, 193. In *Commonwealth* v. *Brimblecom*, 4 Allen, 584, the defendant admitted that he was both owner and keeper, and no question arose or was considered as to the difference between the liability of the two.

*Exceptions sustained.*